# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC. et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 3:19-cv-00250 |
| v. | )<br>) |
| COMTECH MOBILE DATACOM CORP., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion for Reconsideration and Motion to Stay and/or Continue the Proceedings (Doc. No. 95). Defendant filed a response, (Doc. No. 99), and Plaintiffs filed a reply (Doc. No. 100). Also pending before the Court is Defendant's Amended Motion to Exclude Affirmative Defenses, (Doc. No. 92), to which Plaintiffs filed a Response, (Doc. No. 94), and Defendant filed a reply (Doc. No. 97). For the following reasons, Plaintiffs' Motion will be denied[1] and Defendant's Motion will be granted.

## I. PLAINTIFFS' MOTION FOR RECONSIDERATION

On February 11, 2021, the Court entered an Order granting Defendant's Motion for Summary Judgment. (Doc. No. 78). The Order dismissed Plaintiffs' remaining claims with prejudice; the only issue for trial was Defendant's counterclaim. (Id.).

Plaintiffs now move the Court to reconsider its February 11, 2021 Order under Federal Rule of Civil Procedure 59(e). (Doc. Nos. 95 at 1; 96 at 4). In so doing, Plaintiffs argue that the Court made material mistakes of fact that would result in a "different disposition" and would, if

---

[1] The Court notes that its March 12, 2021 Order continuing the bench trial moots Plaintiffs' Motion to Stay and/or Continue Proceedings. (See Doc. No. 98).

not reconsidered, create a "manifest injustice." (Doc. No. 100 at 1 (citing Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 901 (M.D. Tenn. 2002))). Defendant counters that no genuine disputes of material fact exist, and that Plaintiffs' Motion for Reconsideration is an improper attempt to relitigate issues the Court already decided at the summary judgment stage. (See Doc. No. 99 at 3).

A. Legal Standard

The Federal Rules of Civil Procedure do not explicitly permit a motion for reconsideration; however, courts "may look to . . . [Rule] 59(e)." Norris v. Tenn., No. 3:20-cv-00701, 2020 WL 6685543, at *1 (M.D. Tenn. Nov. 12, 2020) (citing Banister v. Davis, 140 S. Ct. 1698, 1705-08 (2020)). Generally, "a motion to reconsider must be based on one of the grounds available for motions to alter or amend judgment or on a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in litigating the underlying motion and that would result in a different disposition." Memphis A. Phillip Randolph Inst. v. Hargett, No. 3:20-cv-00374, 2020 WL 6589659, 2020 U.S. Dist. LEXIS 211968, at *3 (M.D. Tenn. Sep. 28, 2020). Therefore, under Rule 59(e), courts may alter or amend a final judgment in only a few, limited circumstances where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Id.

Relief under Rule 59(e) is an "extraordinary remedy" with an "exacting standard." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (citing Heithcock v. Tenn. Dept. of Children's Servs., No. 3:14-cv-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015)). Courts have applied this heightened standard in instances where, as here, an order "granting summary judgment would have resulted in a final judgment but for the happenstance

that the defendant had counterclaims that have not yet been fully adjudicated." eTool Dev., Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 749 (E.D. Tex. 2012).

Parties cannot invoke a Motion for Reconsideration to "re-argue a case[, . . .] to re-litigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3-4; see also Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003) ("[A] motion to reconsider should not be used to re-litigate issues previously considered"); Bank of Ann Arbor v. Everest Nat'l Ins. Co., 563 F. App'x 473, 478 (6th Cir. 2014); Collado v. 21st Judicial District Drug Task Force, No. 3:20-cv-00181, 2020 WL 2526513, at *1 (M.D. Tenn. May 18, 2020). Nor can parties "advance[e] new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (internal citations and quotations omitted).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." McGruder v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn., No. 3:17-cv-01547, 2020 WL 4586171, at *2 (M.D. Tenn. Aug. 10, 2020) (internal citation and quotation omitted); see also Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3 (citing Hanna v. Marriott Hotel Servs., Inc., No. 3:18-cv-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019)).

B. Analysis

Plaintiffs argue that the Court: (1) made material mistakes of fact regarding ComTech's contractual obligation to provide engineering files to Plaintiffs; and (2) improperly weighed

evidence in dismissing Plaintiffs' False Designation of Origin claim. (See Doc. No. 96). ComTech counters that there were no material disputes of fact on these issues and that Plaintiffs' claims improperly repeat the points they raised at summary judgment. (Doc. No. 99 at 3). The Court will examine each of Plaintiffs' arguments in turn.

1. Whether the Court Erred in Finding That ComTech Performed Under the Contract

Plaintiffs begin by arguing that the Court made material mistakes of fact when it concluded that ComTech satisfied its contractual obligation to provide engineering files to Plaintiffs. (Doc. No. 96 at 2). Plaintiffs raise several arguments to support this claim, including that: (1) ComTech's contractors did not have, and could not provide to Plaintiffs, software files that were under ComTech's exclusive control; (2) Plaintiffs' continued manufacturing of SkyTracker IIIs post-breach did not cure the harm caused by ComTech's failure to provide source codes to Plaintiffs, as required by the contract; (3) Plaintiffs did not learn of the missing engineering files until June 2014, well after the October 2013 amendment between the parties that failed to mention any failure by ComTech; and (4) the Court improperly weighed witness testimony about the contents of ComTech's shipment of engineering deliverables. (Id. at 2, 8, 11–12).

As an initial matter, the Court rejects Plaintiffs' second, third, and fourth arguments as improper attempts to re-litigate issues already decided by the Court at the summary judgment stage. (See Doc. No. 68 at 2, 6, 8); see also Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3-4; see also Bank of Ann Arbor v. Everest Nat'l Ins. Co., 563 F. App'x at 478. And the Court already determined that the record evidence on these issues was not sufficient to create a genuine dispute of material fact, (see Doc. No. 77 at 7), particularly given that Plaintiffs failed (and still fail) to cite to any record evidence disputing their response to ComTech's statement of material facts that its subcontractors had "all of the files necessary to manufacture SkyTracker

4

IIIs." (Doc. No. 69 at 8).

But even if a dispute of fact were to exist as to the contents of ComTech's shipment, as Plaintiffs attempt to argue here, that would not revive the issue for reconsideration. Indeed, all that the parties' Contract Modification Agreement requires is that ComTech will "release all SkyTracker III engineering drawings and related information to NASCorp." (Doc. No. 14-2 at 1). Satisfying the "release" condition can surely mean more than just sending a shipment, as the Court noted in its summary judgment opinion. (See Doc. No. 77 at 7). That ComTech released its subcontractors was sufficient, and the Court found no genuine dispute of material fact on the matter. (See id.). In sum, "[w]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Cartner v. Alamo Grp., Inc., 2008 WL 8140101, at *1 (N.D. Ohio Sep. 23, 2008); see also Static Control Components, Inc. v. Lexmark Intern., Inc., 615 F. Supp. 2d 575, 578 (E.D. Ky. 2009). The gladiatorial war over whether ComTech satisfied its contractual obligations ended at the summary judgment stage.

Plaintiffs also contend that the Court failed to properly distinguish the types of files ComTech was required to send to Plaintiffs. Id. According to Plaintiffs, it is undisputed that ComTech was contractually bound to provide both software and hardware engineering files, yet failed to provide software to its released contractors. (Doc. No. 96 at 8, 10). Plaintiffs note that the software files were "the exclusive domain of ComTech," and could not have been accessed by the released contractors. (Id. at 8). ComTech counters that Plaintiffs improperly raise as a new fact that the software engineering files were of the "exclusive domain" of ComTech. (Doc. No. 99 at 4–5). ComTech also argues that Plaintiffs' disappointment with the Court's conclusion at the summary judgment stage is not grounds for reconsideration. (Id. at 4).

5

After reviewing the record and the Court's prior ruling, the Court concludes that Plaintiffs have failed to demonstrate a manifest injustice that ComTech satisfied its contractual obligations to provide the engineering files. Here, Plaintiffs cite to nothing in the record to support their contention that the software files were exclusively ComTech's, and they failed to raise this point at the summary judgment stage. Parties cannot "advance[e] new . . . supporting facts which were otherwise available for presentation when the original motion was briefed or argued." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (internal quotations and citations omitted); see also Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003).

Nor is the Court persuaded by Plaintiffs' blind reliance on Al-Sadoon for the proposition that courts may reconsider where it "clearly overlooked material facts . . . that would result in a different disposition." 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002). Although Plaintiffs accurately cite the standard for a motion to reconsider, Plaintiffs fail to show how that case relates to their own circumstances. Indeed, this Court in Al-Sadoon wisely noted that motions to reconsider do not allow "a party simply to reargue its prior position in the hopes that the court will change its mind." Id. There, this Court rejected Defendant's motion to reconsider on the merits because the Court was not "persuaded that it clearly overlooked any material evidence or controlling law in denying the defendant's motion for summary judgment." Id. at 903–04. Here, as discussed above, Plaintiffs have done little more than "reargue [their] position." Id. at 902. That is not enough for a motion to reconsider.

Accordingly, the Court concludes that Plaintiffs have not established that manifest injustice occurred when the Court found that ComTech satisfied its contractual obligations to provide the requisite engineering files.

2. Whether the Court Erred in Dismissing Plaintiffs' False Designation of Origin Claim

Plaintiffs next argue that the Court improperly weighed the evidence in dismissing their False Designation of Origin claim against ComTech. (Doc. No. 96 at 12). In support of this argument, Plaintiffs contend that the Court misapprehended the fact that Plaintiffs have seen reverse engineered SkyTracker units and have had prior lawsuits regarding the same. (Id.). Plaintiffs also reiterate arguments made in their summary judgment briefs, namely that there is a genuine dispute of material fact as to whether ComTech's spare component parts, that were not ordered by Plaintiffs, amounted to a pirating scheme. (Id. at 13). Plaintiffs maintain that "reasonable jurors could draw vastly different conclusions about the evidence, thereby precluding summary judgment." (Id.).

The Court again rejects Plaintiffs' attempts to relitigate this case. See Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x at 672. As admitted at the summary judgment stage, Plaintiffs still "do not dispute that they have never seen a company actually selling a SkyTracker unit." (Doc. No. 96 at 14). The Court considered this admission and found that the record does not "reflect any evidence supporting the claim that the unaccounted-for enclosures were used to build actual SkyTracker devices." (Doc. No. 77 at 10–11 (citing Doc. Nos. 65-7; 65-10; 72 at ¶ 12)). Indeed, Plaintiffs still cannot show that the record even establishes a colorable false designation of origin claim. That Plaintiffs have never seen a pirated unit for sale means there is no "likelihood of confusion," as is required for such a claim. Champions Golf Club, Inc. v. The Champions Golf Club, Inc., 78 F.3d 1111, 1123 (6th Cir. 1996). And there is still no record evidence that ComTech "actually us[ed] the plaintiff[s'] trademark to identify the source of the defendant's product" in the stream of commerce. Vanderbilt Univ. v. Scholastic, Inc., 382 F. Supp. 3d 734, 751 (M.D. Tenn. 2019) (citing Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 610 (6th Cir. 2009)). The Court sees

7

no reason to resurrect this already-decided issue. (See Doc. No. 77 at 10–11). Plaintiffs' quibbling with the Court's prior ruling is simply not an appropriate ground for a motion to reconsider. Weiner v. Tivity Health, No. 3:17-cv-01469, 2019 WL 2211764, at *2 (M.D. Tenn. May 22, 2019) (rejecting Defendant's discontent with the Court's prior ruling as an improper "basis for a Motion to Reconsider").

Accordingly, the Court concludes that Plaintiffs have not established that manifest injustice occurred when the Court granted summary judgment to ComTech on Plaintiffs' false designation of origin claim.

## II. DEFENDANT'S MOTION TO EXCLUDE AFFIRMATIVE DEFENSES

ComTech moves the Court to exclude four affirmative defenses raised in Plaintiffs' theory of the case: (1) fraudulent inducement; (2) "first breach" when ComTech failed to provide engineering deliverables; (3) unclean hands when ComTech refused to provide engineering deliverables; and (4) that satellite monitoring invoices included fees for pirated SkyTracker III units. (See Doc. Nos. 79 at 1, 80, 87).[2] ComTech argues that the Court's prior Order granting ComTech's Motion for Summary Judgment already fully and finally disposed of those issues on the undisputed facts. (Id.).

"Under the law-of-the-case doctrine, rulings made at one point in the litigation should continue to govern in subsequent stages of that litigation." Niemi v. NHK Spring Co., 543 F.3d 294, 308 (6th Cir. 2008); see also Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004). The doctrine "prevents the relitigation of an issue once there has been a judgment on the merits." Bowles v. Russell, 432 F.3d 668, 676 (6th Cir. 2005). The doctrine applies to issues that have

---

[2] The Court notes that ComTech's Amended Motion to Exclude Affirmative Defenses, (Doc. No. 92), supersedes its earlier Motion in Limine on the same issues (Doc. No. 79). Accordingly, the Court will deny that Motion as moot.

8

Case 3:19-cv-00250 Document 102 Filed 04/07/21 Page 8 of 10 PageID #: 2408

"explicitly" been decided. Id. at 676–77 (citing United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)). "A court need not elucidate or explain its decision, but it must "decide[] upon a rule of law.'" Id. (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). The principles of the doctrine "provide that the Court may refuse to reopen what it has already decided." Envoy Corp. v. Quintiles Transnational Corp., No. 3:03-cv-0539, 2007 WL 2173365, at *5 (M.D. Tenn. July 26, 2007) (citing Bowles, 432 F.3d 676–77).

Here, the Court concludes that, under the law-of-the-case doctrine, the February 22, 2021 Order granting ComTech's Motion for Summary Judgment properly disposed of all four of Plaintiffs' affirmative defenses. First, this Court has already dismissed the issue of whether ComTech fraudulently induced Plaintiffs into signing the Contract Settlement Modification. (See Doc. No. 35). At the February 26, 2020 hearing on ComTech's Motion to Dismiss, the Court specifically stated that it could not "infer the essential elements of . . . fraudulent inducement." (Feb. 22, 2020 Hearing Transcript at 8). Plaintiffs' counsel conceded that the facts, as alleged, were "threadbare," and that "there [were] no actions or omissions on behalf of the defendant that [were] . . . within the" relevant statute of limitations. (Feb. 22, 2020 Hearing Transcript at 8, 13). Plaintiffs point to no record evidence since then that would change the Court's calculus as to whether ComTech fraudulently induced Plaintiffs.

Next, as explained in Section I.A, *supra*, the Court's prior Order concluded there was no genuine dispute of material fact on whether ComTech satisfied its contractual obligations to provide the requisite engineering files to Plaintiffs. (See Doc. No. 77 at 7). That ruling disposes of Plaintiffs' "first breach" and unclean hands arguments. And as explained in Section I.B, *supra*, the Court's prior Order concluded there was no genuine dispute of material fact as to whether ComTech undertook a pirating scheme with reverse engineered SkyTracker III units. (See Doc.

9

No. 77 at 10–11). That determination disposes of any arguments pertaining to whether ComTech pirated units, including whether any satellite monitoring invoices included fees for pirated units, as Plaintiffs argue here. Plaintiffs simply have not established that any of these affirmative defenses should be excepted from the law of the case doctrine. (See Doc. No. 94). Indeed, Plaintiffs' affirmative defenses are based on the same issues the Court already decided at the summary judgment stage, and "there is no legitimate reason or new legal basis for the Court [to] revisit or reconsider the issues previously decided." Envoy Corp., 2007 WL 2173365, at *5 (citing Bowles, 432 F.3d at 676–77).

Accordingly, the Court concludes that Plaintiffs' affirmative defenses of fraudulent inducement, "first breach," unclean hands, and whether satellite monitoring invoices included fees for pirated SkyTracker III units, will be excluded, and that ComTech's Motion will be granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. No. 95) will be denied and Defendant's Motion to Exclude Affirmative Defenses (Doc. No. 92) will be granted. Defendant's Motion in Limine (Doc. No. 79) will be denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE